IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LENNIE PAUL EARBIN, #1960332 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv969 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## **ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak. The Report and Recommendation of the Magistrate Judge (Dkt. #7), which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Magistrate Judge recommends the case be dismissed as premature since Petitioner concedes his state writ of habeas corpus is "pending" with the Court of Criminal Appeals of Texas. A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). To exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). No objections were timely filed.

Although Petitioner did not file objections, he filed a "notice of affidavit" (Dkt. #9) and a "notice of complaint" (Dkt. #10). In the affidavit (Dkt. #9), Petitioner asks Internal Affairs of the Dallas Police Department to investigate Detective Emilo Henry. In the complaint (Dkt. #10),

Petitioner also asks the Department of Justice to investigate Detective Emilo Henry as well as Assistant District Attorney Shannon Miller, Judge Scott Becker, District Attorney Greg Willis, Assistant District Attorney John R. Relater, Jr., and attorneys Emily Johnson-Liu and Deric King Walpole. It appears Petitioner is asking the Dallas Police Department and the Department of Justice to investigate and prosecute these persons, and has provided a copy of his affidavit and complaint to this Court. While Petitioner may have simply provided these notices as a courtesy to the Court, they are not applicable to a § 2254 habeas petition, which is solely used by a state prisoner being held in state custody to challenge the validity of his state criminal conviction or sentence for the purpose of obtaining release from custody.

After reviewing the Report and Recommendation, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and the court adopts the same as the findings and conclusions of the Court. It is therefore

**ORDERED** the petition for writ of habeas corpus is **DISMISSED** without prejudice as premature. It is further

**ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this the 27th day of April, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE